IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAY 12 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

LESLEY CLAYTON BROWN,  )
)
Petitioner,  )
)
v.  ) Case No. CIV 08-243-RAW-KEW
)
DAVID PARKER, Warden,  )
)
Respondent.  )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations [Docket #13]. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction and sentence in Carter County District Court Case Number CF-2005-307 for Lewd Molestation. He alleges his guilty plea was involuntary because of trial counsel's ineffectiveness. Trial counsel allegedly failed to investigate the case, lied to petitioner about the evidence, and did not show petitioner the victim's Physical Examination Report. Counsel also allegedly lied to petitioner's father to enlist the father's aid in coercing a guilty plea. Petitioner asserts trial counsel told him he would only have to serve five of the twenty years imposed, and neither counsel nor the trial court advised petitioner he would have to serve 85% of his sentence. Petitioner also allegedly was not told he would have to register as a sex offender and would be subjected to living restrictions upon his release. He claims that if he had had full knowledge of the facts concerning the physical evidence and the consequences

of his sentence, he would not have entered a guilty plea, or he would have filed a timely motion to withdraw the plea.

The respondent alleges this petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was charged with three counts of First Degree Rape, but he entered a guilty plea to one count of Lewd Molestation. His Judgment and Sentence in CF-2005-307 was entered on December 20, 2005. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on

December 30, 2005, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Petitioner had one year, until December 30, 2006, to file a federal habeas corpus action, but this petition was not filed until May 16, 2008. He did not initiate his post-conviction proceedings until October 19, 2007, after expiration of the limitations period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges he first learned he would have to serve 85% of his sentence upon arrival at the Department of Correction's Lexington facility. Another inmate subsequently showed him a published case holding that a defendant has the right to be informed of the 85% Rule when entering a plea. *See Pickens v. State*, 158 P.3d 482, 483 (Okla. Crim. App. 2007). Petitioner asserts he did not learn his attorney had lied to him about the victim's injuries until August 6, 2007, when he received documents concerning the victim's physical examination. The investigative report revealed the victim's hymen was normal, but petitioner's attorney allegedly lied to him about this information and induced him to plead guilty. Petitioner claims in his response to the motion to dismiss that equitable tolling does not apply to his case [Docket #15], but in a subsequent pleading, he asks the court to consider equitable tolling, based on his actual innocence [Docket #19]. He also contends that, pursuant to 28 U.S.C. 2244(d)(1)(D), the statute of limitations should have begun on August 6, 2007, when he received the documents concerning his case.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

Equitable tolling would be appropriate, for example, when a prisoner is

3

actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted). To justify equitable tolling, an inmate must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to "diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)).

Here, the court finds petitioner has not shown he diligently pursued his claims and that he was prevented from filing a timely petition by "extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. A claim of ineffective assistance of counsel arising from an attorney's negligence or mistake generally has not been considered an extraordinary circumstance with regard to equitable tolling. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). Furthermore, counsel's failure to inform a defendant of the collateral consequences of a guilty plea, such as the 85% Rule, does not render the plea involuntary or implicate the Sixth Amendment. *See Chrisman v. Mullins*, No. 06-6182, 2007 WL 102984, at **3 (10th Cir. Jan. 17, 2007) (unpublished opinion), *cert. denied*, ___ U.S. ___, 127 S.Ct. 3012 (2007).

Petitioner was convicted on December 20, 2005, and the DOC website at

http://www.doc.state.ok.us/, indicates his reception date--the approximate time he would have been informed of the 85% Rule--was July 28, 2006. Therefore, he discovered the factual predicate of the claim that his plea was involuntary because he was not advised of the 85% Rule, when he arrived at DOC around July 2006. The subsequent discovery of a legal argument based on the *Pickens* decision did not trigger the application of § 2244(d)(1)(D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (holding that state court decisions "did not restart the limitations period," as nothing in those decisions "alerted [the petitioner] to any factual basis for his claim").

Regarding petitioner's allegations that his attorney lied to him about his ability to prove the victim still was a virgin, and that petitioner, therefore, was innocent of Rape, he waited until June 25, 2007, to request the documents from his trial attorney. He received the requested information on August 6, 2007. He, however, offers no explanation for his delay in requesting the documents or his delay until October 19, 2007, in filing an application for post-conviction relief. The court finds petitioner has not shown he diligently pursued these claims.

The court further finds that, apart from his unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the charge of which he was convicted. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). He entered a guilty plea to the crime of Lewd Molestation, not Rape. He admitted in writing and in open court that he masturbated in front of his eight-year-old stepdaughter [Docket #14, Exhibit 5 at 3]. In addition, the victim's physical examination report stated that "[t]he physical examination is normal and consistent with the history of sexual abuse as given by child/adult," and "[t]he vaginal introitus could accommodate penile penetration without being torn or lacerated"

5

[Docket #14, Exhibit 6 at 15]. The court finds petitioner cannot establish his innocence with this document, and counsel's alleged failure to provide the information to petitioner before his plea did not constitute egregious conduct. *See Fleming*, 481 F.3d at 1256. Equitable tolling is not warranted.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #13] is GRANTED, and this action is, in all respects, DISMISSED. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 12TH day of May 2009.

/s/ Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**