# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

JUN 17 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____ Deputy Clerk

| | |
|---|---|
| LESLEY CLAYTON BROWN, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 08-243-RAW-KEW |
| DAVID PARKER, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner has filed a motion for Rule 11 sanctions [Docket #23], alleging the respondent's brief in support of the motion to dismiss the habeas petition [Docket #14] included false and prejudicial statements. He specifically objects to the respondent's allegations that "petitioner freely and willfully admitted in open court, as well as in his own handwriting on the plea worksheet . . . to masturbating in front of his stepdaughter" [Docket #14 at 5]. Petitioner maintains the record clearly shows his attorney completed the form in question, and he requests transcripts of the plea proceeding to prove he never admitted to this act in front of the child.

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The brief at issue [Docket #14] was filed on September 10, 2008, but petitioner's September 22, 2008, response [Docket #15] did not raise the objections he now is presenting. Instead, he waited until May 20, 2009, after the case had been dismissed on May 12, 2009, to raise these allegations and to request sanctions against the respondent.

The record shows petitioner's written Plea of Guilty--Summary of Facts asked under Question 24 to "[s]tate the factual basis for your plea(s)" [Docket #14-6 at 3]. The handwritten answer states, "I masturbated in front of my step-daughter who was 8 years old at the time." *Id*. Whether the answer actually was in petitioner's handwriting is not material, because he does not dispute that he signed the agreement. The court, therefore, finds there is no evidence the respondent's disputed statement in his brief was presented "for any improper purpose," pursuant to Rule 11(b)(1).

There also is a checkmark on the plea form next to the section reading, "My attorney completed this form and we have gone over the form and I understand its contents and agree with the answers" [Docket #14-6 at 4]. Petitioner's signature is directly below the statement with the checkmark. *Id*. Therefore, regardless of the writer of the sentence in question,

2

petitioner confirmed its truthfulness.

Petitioner further asserts his plea was not voluntarily and that a transcript of the audiotape of the proceedings will prove he did not freely admit to anything. He also claims he openly argued with his attorney that he never masturbated in front of his stepdaughter. Question 26 of the plea agreement, however, directly contradicts his claims. The question asks, "Do you plead guilty of your own free will and without any coercion or compulsion of any kind?" [Docket #14-6 at 4]. The "Yes" response is circled, again on the same page as petitioner's signature. *Id.*

Finally, petitioner alleges the respondent made a false legal assertion in the motion to dismiss that "[s]olemn declarations in open court carry a strong presumption of verity." The court finds this quotation from *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir.), *cert. denied*, 519 U.S. 998 (1996), was not inappropriate or used in the wrong context. Again, petitioner has failed to meet his burden under Rule 11.

**ACCORDINGLY,** petitioner's motion for sanctions pursuant to Fed. R. Civ. P. 11 is DENIED.

**IT IS SO ORDERED** this 17th day of June 2009.

                                            **RONALD A. WHITE**
                                            **UNITED STATES DISTRICT JUDGE**